**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **SINGH** | **CASE NO. 3:26-CV-03439 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN JACKSON PARISH CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") [Doc. No. 2] filed by Petitioner, Nirmal Singh ("Petitioner").

For the following reasons, Petitioner's Motion is **DENIED.**

## I. Background

Petitioner is a native and citizen of India.[1] Petitioner entered the United States on or about September 22, 2022.[2] The Department of Homeland Security issued to Petitioner an Order of Release on Recognizance and a Notice to Appear, deeming him removable from the country.[3] Petitioner was re-arrested on or about August 26, 2026, in Amarillo, Texas before being transferred to Jackson Parish Correctional Center.[4]

Petitioner filed a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] requesting his immediate release from immigration detention.[5] Petitioner also filed the instant Motion, seeking the Court to release Petitioner or enjoin

---

1 [Doc. No. 1-2, p. 19].
2 [Doc. No. 1, p. 2].
3 [Doc. No. 1-2, pp. 19, 26].
4 [Doc. No. 1, pp. 2-3].
5 [Doc. No. 1, p. 13].

Respondents from removing Petitioner from this District to preserve this Court's jurisdiction over the Habeas Petition.[6]

The Court is prepared to rule.

## II. Law and Analysis

First, Petitioner's Motion fails as the Court is not stripped of jurisdiction over Petitioner's Habeas Petition if Petitioner is transferred to a detention facility in another federal court's territorial jurisdiction while this action is active. The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

Second, as another Judge of this Court previously noted:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now*. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

[6] [Doc. No. 2, pp. 10-11].

*Da Silva v. Tellez*, No. 25-1960, 2025 WL 3553041, at *1 (W.D. La. Dec. 8, 2025) (emphasis added). Here too, this Motion mirrors the relief sought in Petitioner's Habeas Petition.[7]

## III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order [Doc. No. 2] is **DENIED**.

MONROE, LOUISIANA, this 9th day of September, 2026.

Terry A. Doughty
United States District Judge

[7] [Id.].